Nash, J.
 

 John Jones Alston died in the year 1342, having previously made and published his last will and testament; whereby he gave to his wife the whole of his personal property of ever}' description. He left surviving him eight children, born before the making of the will. After his death, his wife was delivered of another child, the defendant, of whom she was pregnant at the time the will was made. The will was duly proved ; and no executor being appointed in it, administration with the will annexed was granted to the widow, Mrs. Adeline Alston. The defendant claims one tenth part of the per sonal estate of her father ; and the bill is filed to ascertain by a decree of the Court, whether she is so entitled, and, if
 
 so,
 
 the plaintiff submits to an account and
 
 to
 
 pay over to her or her guardian her share, as the Court may direct.
 

 The answer of the infant, filed for her by her guardian, claims a distributive share of the personal property ; and the case, being set for hearing on bill and answer, is transferred to this Court.
 

 
 *173
 
 The claim of the defendant arises under the 16th and and 17th sections of the Act of 1836, ch. 122. It is there enacted: "When any child, &c., shall be born after the making of his or her parent’s will, and such parent shali die without having made provision for such child, &c., such child. &c., may, at any time within two years after the probate of said will, prefer a petition to the Superior Court, &c., praying a provision under this act,” &c, By the 17th section, it is declared, what such child shall be entitled to, to-wit: such portion of the personal estate of the parent, as the petitioner would have been entitled to, if the parent had died intestate. Mr. Alston’s willmakes no provision for the defendant, but gives the whole of his personal property to his wife, and he died before she was born, without making any. The defendant then very clearly comes within the letter of the Act; and there is nothing in its equity to exclude her. In the case of an intestacy, the widow of the deceased and the children share equally between them the personal property. Mr. Alston left a widow and eight children, born before the will was made, and the defendant is, therefore, under the Act of 1S36, entitled to one tenth part of the personal property. No petition was filed by the defendant within the time specified in the 16th section, and the bill is filed.under the 22nd section of the same act to ascertain and secure her rights. It must be declared, that the defendant, Adeline Alston, is entitled to a child’s part of all his personal property — that is, one tenth part; and there must be a reference to the Master to take an account. (A )
 

 Per Curiam. Decree accordingly.
 

 Note A. This cause was decided at June Term I860, but was accidenr tally omitted in the reports of that term.
 

 Note. In consequence of the indisposition of JudgeNasH, very few opinions were delivered by him at this Term.